SPEAR & COMPANY, Appellant, *v.* IRMENIE G. DE LUQUE, Respondent.

Supreme Court, Appellate Term, First Department, May Term — Filed June, 1922.

Municipal Court of the city of New York — foreclosure of chattel mortgage — service of process and papers — apartment house and not apartment " place of abode "— when service upon superintendent of apartment house good.

An apartment house itself will be deemed the usual place of abode of the lessee of an apartment therein for the purpose of the statute relating to service of process.

Where at the commencement of a Municipal Court action to foreclose a chattel mortgage upon goods in a leased apartment the defendant was and for several months had been absent from the United States, and the proof is that no agent of his in possession of the property could be found, due and personal service of the summons, complaint, warrant for a seizure and affidavit upon the superintendent of the building in which defendant was lessee of said apartment is good service upon the defendant, and a judgment dismissing the complaint and an order granting a motion to set aside such service will be reversed and the motion denied, with leave to defendant to serve an answer.

APPEAL by plaintiff from judgment of Municipal Court of the city of New York, borough of Manhattan, ninth district, dismissing the complaint, and awarding defendant the sum of twelve dollars and fifty cents costs.

*Walter & Wolff (Malcolm Sumner,* of counsel), for appellant.

*John J. McBride,* for respondent.

GUY, J. In an action to foreclose a chattel mortgage, the summons, complaint, warrant of seizure and affidavit were served not upon the defendant, who was absent from the United States and had been absent for several months, but upon the superintendent

of the building in which defendant was lessee of an apartment. The statute provides for service upon defendant if within the county, or, if absent from the county, upon his agent, or, if neither can be found within the county, by " leaving the copy at the usual place of abode of either, with a person of suitable age and discretion." The proof establishes that no agent of the defendant could be found who was in possession of the property. There was no proof that the superintendent of said building had been clothed with authority to act as the agent of the defendant. Neither did he have possession of the goods or any right to dispose of the same, or to take any steps in connection therewith. They were in the apartment of defendant and in defendant's possession. The question is presented, then, whether defendant being absent from the county, and it not being possible to find within the county any agent of defendant in possession of the goods, service upon the superintendent of the building was a leaving of " copy at the usual place of abode of either [defendant or defendant's agent] with a person of suitable age and discretion " within the meaning of the statute. This involves the question whether defendant's usual place of abode was the apartment house, or the apartment of which he was lessee. If for the purposes of the statute his abode is to be deemed the apartment house, then the service would seem to be good. If, on the contrary, his abode was the apartment and not the apartment building, no service was made upon any person at his usual place of abode.

I am of the opinion that for the purpose of the statute the apartment house must be deemed the usual place of abode of the defendant. Means of entrance to and exit from the building in which the apartment is located is an essential and necessary part of the occupancy of an apartment therein and of the abode of the occupant of an apartment, and service upon the superintendent who had general charge of the building, the entrance thereto, and the hallways connected with the lessee's apartment, was service upon a person of suitable age and discretion, namely, upon a person charged with the duty, by reason of his control of the entrance to and exit from the said building and apartment, of receiving merchandise, mail and other matter left for delivery to the various tenants. The suitability of such service is abundantly established herein by the fact that within two days after service upon the superintendent, the defendant appeared specially in court to traverse the return and to except to the sufficiency of the sureties on the undertaking filed by the plaintiff; so that the purpose of the provision of the statute to insure prompt notice to defendant of the pendency of the action was accomplished.

The judgment and the order setting aside service of the summons and other papers in the action must be reversed, with ten dollars costs, motion denied, with ten dollars costs, with leave to defendant to answer within five days after service of a copy of this order upon payment of costs.

BIJUR, J., concurs; MULLAN, J., dissents.

Judgment and order reversed.